## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

WILLIAM M. RIVERA,

    Plaintiff,

    v.

PRINCIPAL DWIGHT JEFFERSON,
JESSICA CUCHES,
ANNE ARUNDEL CO. PUB. SCHOOLS,

    Defendants.

Civil Action No.:  RDB-19-3347

## MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss for Lack of Prosecution through Service Failures.  ECF 12.  Plaintiff opposes the motion.  ECF 16.  No hearing is necessary to determine the matters pending.  *See* Local Rule 105.6 (D. Md. 2018).  For the reasons that follow, the Motion to Dismiss shall be granted and the complaint dismissed without prejudice.

## BACKGROUND

Plaintiff filed this employment discrimination complaint on November 20, 2019.  ECF 1. This Court directed Plaintiff to submit corrected summons for each named Defendant by Order dated December 5, 2019, within fourteen days of the Order.  ECF 2.  Plaintiff complied with the Order, filing both an amended complaint and provided properly completed summons for Defendants Cuches and Jefferson, but submitted a summons for Defendant Anne Arundel County Public Schools ("AACPS") that incorrectly contained the names of all Defendants as well as three different addresses.  This Court issued a second Order directing Plaintiff to submit a corrected summons for AACPS on January 29, 2020; Plaintiff was again granted fourteen days to do so.

ECF 4.  Plaintiff complied with the Order on February 10, 2020, providing a second amended complaint with the corrected summons.  ECF 5.  Summons was issued the same day.  ECF 6.

On April 6, 2020, Plaintiff filed a Motion to Extend the Deadline for serving summons to the Defendants (ECF 7) which this Court granted on April 20, 2020, to and including July 31, 2020.  ECF 8.  On August 12, 2020, this Court issued an Order to show cause why service of process had not been effectuated.  ECF 11.  Defendants then filed the pending Motion to Dismiss on August 18, 2020.  ECF 12.

Defendants assert that service was improper because Plaintiff did not include a copy of the complaint with the summons sent to each of the Defendants; the summons were sent by regular mail; and two of the Defendants received the summons after the July 31, 2020 deadline.  ECF 12, *see also* ECF 12-1 (Affidavit of Jessica Cuches stating she received a summons without the complaint on August 6, 2020); ECF 12-2 (Affidavit of Carol O'Malley: summons without complaint received by Superintendent George Arlotto on August 3, 2020); and ECF 12-3 (Affidavit of Dwight Jefferson: summons without complaint received July 28, 2020).

In his opposition, Plaintiff apologizes for sending "registered mail instead of certified mail and for not including the complaint."  ECF 16.  He claims all of the envelopes containing the summons were mailed the same day, July 24, 2020, and references his "records" a copy of which he does not provide.  *Id*.  His opposition, which is dated August 26, 2020, indicates that he was "resending the summonses with the second amended complaint" on that date and that he believes this attempt at corrected service addresses the objections raised by Defendants.  *Id*.

In the Order issued by this Court directing issuance of the summons and service of the complaint, Plaintiff was advised that he bears the responsibility for serving both the summons and the complaint and that he was required to promptly notify the Court through an affidavit, that the

Defendants had been served.  ECF 2 at 1.  Plaintiff was further advised that under the rules governing service of process in this jurisdiction he was required to "either (1) mail the documents to each Defendant via certified mail, requesting "Restricted Delivery," . . . or (2) arrange for in-person service . . . by any person who is not a party and who is at least 18 years of age, such as a private process server."  *Id*. at 1-2.  Further, Plaintiff was advised that if there is "no record that service was effectuated on Defendants" within 90 days of the filing of his complaint, he risked dismissal of the complaint.  *Id*. at 2.

### STANDARD OF REVIEW

Fed. R. Civ. P. 4(m) requires a plaintiff to serve defendants "within 90 days after the complaint is filed." If any defendant is not served within that time, "the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  *Id*.  "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied."  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, Ltd., 484 U.S. 97, 104 (1987).  "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4."  *O'Meara v. Waters*, 464 F.Supp.2d 474, 476 (D. Md. 2006) (citation omitted).  "Generally, when service of process gives the defendant actual notice of the pending action, the courts may construe Rule 4 liberally to effectuate service and uphold the jurisdiction of the court."  *Id*. (citations omitted).  "When there is actual notice, failure to strictly comply with Rule 4 may not invalidate the service of process; however, plain requirements for the means of effecting service of process may not be ignored." *Id*. (citation omitted).  "Although insufficient service of process does not necessarily warrant dismissal, the court may dismiss the complaint for failure to comply with Rule 4 or quash the

service, thereby permitting the plaintiff to attempt to properly serve the defendant." *Miller v. Baltimore City Bd. of Sch. Com'rs*, 833 F.Supp.2d 513, 516 (D. Md. 2011).

## ANALYSIS

The record before the Court does not contain any sworn documentation from Plaintiff indicating that he effected process of the summons and the complaint on each of the Defendants as required by this Court's Order, Rule 4, or Md. Rule 2-121.  Plaintiff's opposition does not include an affidavit or any other evidence to support the assertions he makes in his opposition. ECF 16.  While the "plain requirements for the means of effecting service of process may not be ignored," where the defendant has actual notice of the action, "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Armco, Inc. v. Penrod-Stauffer Bldg Sys. Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).  However, in this case, Defendants were never provided a copy of the complaint, the amended complaint, or the second amended complaint.  The failure at issue here is not only that Plaintiff served two of the Defendants beyond the expanded deadline, but that none of the Defendants were served the appropriate documents, nor was service sent through certified mail or by private process server.

Plaintiff's last-ditch effort to correct service and his seeming reliance on his self-represented status do not suffice to establish good cause for his failure to properly serve Defendants.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").  The complaint shall be dismissed without prejudice by separate Order which follows.

\_\_10/1/2020_____ \_                            _____/s/_____
Date                                                            RICHARD D. BENNETT
                                                            UNITED STATES DISTRICT JUDGE